1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    WILLIAM BARKER,                              No.  2:22-CV-0649-DMC-P

12                        Plaintiff,

13         v.                                       <u>ORDER</u>

14    GOAT, et al.,

15                        Defendants.

16

17

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

20            The Court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

28    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

                                             1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff WILLIAM BARKER claims an Eighth Amendment violation by Defendant GOAT on approximately March 12, 2020, when Defendant refused to help Plaintiff bathe his back and feet.  EFC No. 1, pgs. 1, 3.  Plaintiff also names as defendants the California Department of Corrections and Rehabilitation (CDCR) and the California Health Care Facility (CHCF), which is a state prison.  See id.  Plaintiff alleges he is unable to bathe himself due to limited mobility from his broken back.  Id.  After Defendant refused to aid his bathing, Plaintiff attempted to bathe himself and fell from the shower, breaking his right shoulder and reinjuring his back.  See id.  Plaintiff also states he should have been placed in the geriatric shower for safer bathing.  Plaintiff requests continued medical assistance for continued severe pain and punitive damages for physical and mental injuries.  Id. at 6.

## II.  DISCUSSION

The Court finds plaintiff's complaint suffers from at least two defects.  First, Plaintiff does not allege sufficient facts for a constitutional violation by Defendant GOAT.  Second, Defendants CDCR and CHCF are immune from Plaintiff's claim.

### A.  DEFENDANT GOAT

Plaintiff's complaint is not sufficient to show an Eighth Amendment violation by Defendant GOAT.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97,

102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See

3

1   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical

2   treatment, or interference with medical treatment, may also constitute deliberate indifference. See

3   Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate

4   that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

5   Here, it is unclear whether Defendant hindered Plaintiff's use of the geriatric

6   shower, or if Plaintiff had access but chose to bathe himself in a non-accommodating shower

7   regardless of the geriatric option. See id. Moreover, Plaintiff does not suggest the geriatric

8   shower solution is more than a difference of opinion between Plaintiff and Defendant. Plaintiff

9   also does not allege that Defendant acted unnecessarily or wantonly for the purpose of inflicting

10   harm against Plaintiff. Because it is possible these defects can be cured, Plaintiff will be provided

11   leave to amend.

12   B.  DEFENDANTS CDCR AND CHCF

13   Plaintiff is barred from pursuing claims against the California Department of

14   Corrections and Rehabilitation (CDCR) and California Health Care Facility (CHCF) as

15   Defendants. The Eleventh Amendment prohibits federal courts from hearing suits brought

16   against a state both by its own citizens, as well as by citizens of other states. See Brooks v.

17   Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition

18   extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't

19   of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

20   Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state

21   agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782

22   (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc). Here,

23   Defendants CDCR and CHCF are immune because they are state agencies responsible for the

24   incarceration and correction of prisoners.

25   / / /

26   / / /

27   / / /

28   / / /

4

1

### III.     CONCLUSION

2       Because it is possible that some of the deficiencies identified in this order may be

3 cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the

4 entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff

5 is informed that, as a general rule, an amended complaint supersedes the original complaint.  See

6 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

7 amend, all claims alleged in the original complaint which are not alleged in the amended

8 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

9 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

10 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

11 complete in itself without reference to any prior pleading.  See id.

12       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

13 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

14 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

15 each named defendant is involved, and must set forth some affirmative link or connection

16 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

17 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18       Because some of the defects identified in this order cannot be cured by

19 amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now

20 has the following choices: (1) Plaintiff may file an amended complaint which does not allege the

21 claims identified herein as incurable, in which case such claims will be deemed abandoned and

22 the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which

23 continues to allege claims identified as incurable, in which case the Court will issue findings and

24 recommendations that such claims be dismissed from this action, as well as such other orders

25 and/or findings and recommendations as may be necessary to address the remaining claims.

26 / / /

27 / / /

28 / / /

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend; and

2.      Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  June 7, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE